# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

|  |  |
|---|---|
| Jason Gordon, | : |
|  | : |
|  | : Civil Action No.: 5:19-cv-1199 |
| Plaintiff, | : |
| v. | : |
|  | : |
| Account Services Collections, Inc., | : **COMPLAINT** |
|  | : |
| Defendant. | : |
|  | : |
|  | : |

For this Complaint, the Plaintiff, Jason Gordon, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA") and the invasions of the Plaintiff's personal privacy by the Defendant in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Jason Gordon ("Plaintiff"), is an adult individual residing in New Braunfels, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(39).

5.      The Defendant, Account Services Collections, Inc. ("ASCI"), is a Texas business entity with an address of 1802 NE Loop 410, Suite 400, San Antonio, Texas 78217, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**      **The Debt**

6.      A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to ASCI for collection, or ASCI was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**      **ASCI Engages in Harassment and Abusive Tactics**

10.      In May 2019, ASCI began calling Plaintiff in an attempt to collect the Debt allegedly owed by Plaintiff's ex-wife Veronica (the "Debtor").

11.      The calls were placed to Plaintiff's cellular phone, number 830-xxx-3864.

12.      At all times mentioned herein, ASCI contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

13.      When Plaintiff answered the calls from ASCI, he was met with a period of silence before the call was transferred to an ASCI operator.

2

14.     The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

15.     Other times, Plaintiff heard a prerecorded message requesting a call back.

16.     Plaintiff does not know how ASCI acquired his cellular phone number.  Plaintiff did not provide it to ASCI or the Creditor.

17.     Plaintiff did not provide prior express consent to ASCI or the Creditor to place calls to his cellular phone number.

18.     In or around early June 2019, Plaintiff spoke with ASCI in an effort to get the calls to stop. Plaintiff informed ASCI that the Debtor was unreachable at his cellular telephone and directed ASCI to remove his numbers from the account, and cease all communications with him.

19.     Nonetheless, ASCI continued to place automated calls to Plaintiff's cellular telephone, causing inconvenience and frustration to Plaintiff.

**C.      Plaintiff Suffered Actual Damages**

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

21.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

23.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24.     The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

26.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

30.     The Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

31.     The Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

32.     The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

33.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

35.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

36.     Defendant's telephone systems have all the earmarks of a Predictive Dialer.

37.     Plaintiff never provided his cellular telephone number to Defendant and never provided his consent to be contacted on his cellular telephone.

38.     Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised it had the wrong number and knowing there was no consent to continue the calls.

As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

39.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

40.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

41.     Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

42.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

43.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

44.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

46.     Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Texas state law.

47.     The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

48.     The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

49.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

50.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

51.     All acts of the Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4.  Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5.  Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6.   Remedies under Tex. Bus. & Comm. Code  § 17.62 pursuant to Tex. Fin.

Code Ann. § 392.404(a);

7. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

8. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 8, 2019

Respectfully submitted,

By:   */s/ Sergei Lemberg*_____
0
Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff